# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN

MACUHEALTH DISTRIBUTION, INC.,

        Plaintiff,

v.

RAQUEL DAVIS,

        Defendant.

_____/

Case No. 23-12964

Formerly Oakland County Circuit Court Case No. 2023-203367-CB

## **DEFENDANT RAQUEL DAVIS' NOTICE OF REMOVAL**

Defendant Raquel Davis ("Davis"), by and through the undersigned counsel, hereby removes Case No. 2023-203367-CB from the Oakland County Circuit Court, to the United States District Court for the Eastern District of Michigan, under 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446. As grounds for removal, Davis states as follows:

    1.    On or about October 20, 2023, Plaintiff MacuHealth Distribution Inc. ("MacuHealth") filed a Complaint with the Oakland County Circuit Court. A copy of the Complaint is attached hereto as **Exhibit A**. A copy of the register of actions is attached hereto as **Exhibit B**.

    2.    Davis was served with the Complaint by alternate service on October 24, 2023. **Exhibit C**.

3. The Complaint purports to assert two causes of action (1) a breach of contract; and (2) fraud in the inducement. **Exhibit A** at ¶¶ 12- 30.

4. The relief MacuHealth seeks from Davis includes a request for liquidated damages under a certain settlement agreement and/or a recission of a settlement agreement.

5. When this action was filed, Davis already filed a Motion to Enforce the Settlement Agreement at issue in the Complaint, and this Court has already accepted jurisdiction over the settlement dispute. Case No. 2:19-cv-13322 at ECF No. 91.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between MacuHealth and Davis, and there is more than $75,000 at stake in this action.

7. MacuHealth is a Michigan corporation, it expressly alleged that it is a citizen of Michigan, and that its principal place of business is Birmingham, Michigan (**Exhibit A** at ¶ 1). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every foreign state by which is has been incorporated and of the State or foreign state where it has a principal place of business." 28 U.S.C. § 1332(a)(1).

8. Davis is a citizen of the State of California, and MacuHealth makes this express allegation in its Complaint. **Exhibit A** at ¶ 2.

9. In its Complaint, MacuHealth seeks liquidated damages under a settlement agreement between the parties, and the amount of those liquidated damages is in excess of $75,000.

10. Therefore, there is diversity of citizenship between the parties, the amount in controversy exceeds $75,000, and this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

## THIS COURT HAS ALREADY ACCEPTED JURISDICTION OVER THIS MATTER

11. The settlement at the center of MacuHealth's Complaint was entered by the parties to resolve litigation before this Honorable Court.

12. Specifically, this settlement was a settlement of the case styled *MacuHealth Distribution, Inc., et. al., v. Raquel Davis* (Case No. 19-cv-13322-SFC-EAS).

13. Davis has filed a Motion to Reopen this case for the limited purpose of enforcing the settlement agreement, and the Honorable Sean F. Cox has already accepted jurisdiction over the settlement dispute at the core of MacuHealth's Oakland County Complaint.

14. An opinion, order, and/or judgment regarding the same is expected imminently, and Davis will likely file a motion to consolidate this action with the action pending before the Honorable Sean F. Cox.

15. After Judge Cox accepted jurisdiction over this dispute, MacuHealth has refused to dismiss the Oakland County Circuit Court case, necessitating this Notice of Removal.

16. Noteworthy is the fact that Davis filed her motion to enforce the settlement almost two months prior to MacuHealth's filing of the Oakland County Complaint.

## ALL PROCEDURAL REQUIREMENTS ARE SATISFIED
## UNDER 28 U.S.C. § 1446(A)

17. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action that have been served upon Davis are being filed with this Notice of Removal. Defendant Davis will file true and legible copies of all other documents on file in the State Court Action, as well as a certification, pursuant to Local Rule 81.1.

18. This Notice of Removal has been filed within 30 days of the date that Davis was served with the Summons and Complaint in this matter, and as such, removal is timely under 28 U.S.C. § 1446(b).

19. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a), because this Court is the federal judicial district that encompasses Oakland County, Michigan.

## CONCLUSION

By this Notice of Removal, Defendant Raquel Davis does not waive any objections she may have to service, jurisdiction, or venue, or any other defenses or objections she may have this action. Defendant Raquel Davis intends no admission of fact, law, or liability by this Notice, and expressly reserves all defenses, motions, and/or pleas. Accordingly, Defendant Raquel Davis respectfully requests that the case, styled MACUHEALTH DISTRIBUTION INC. V. RAQUEL DAVIS (MIERA) Case No. 2023-203367-CB, be removed from the Oakland County Circuit Court to the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

Dated: November 21, 2023

/s/ Sean P. Murphy
Sean P. Murphy (P79255)
MURPHY LAW FIRM PLC
34705 W. 12 Mile Road, Suite 160
Farmington Hills, MI 48331
(248) 686-3861
sean@murphy.law

## CERTIFICATE OF SERVICE

      I hereby certify that on November 21, 2023, I electronically filed Defendant's Notice of Removal with the Clerk of the Court using the CM/ECF System, and I hereby certify that on November 21, 2023, I filed a Copy of Defendant's Notice of Removal with the Oakland County Circuit Court via the Circuit Court's MiFile electronic filing system, which will send an emailed copy and notification to the following:

| | |
|---|---|
| John W. Henke (P39294)<br>251 Merrill Street, Suite 212<br>Birmingham, MI 48009<br>(248) 647-8590<br>jwhenke@aol.com | Oakland County Circuit Court<br>1200 N. Telegraph Road<br>Pontiac, MI 48341 |

                                              /s/ Sean P. Murphy
                                              Sean P. Murphy

# Exhibit A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MACUHEALTH DISTRIBUTION, INC.,

    Plaintiff,

v.

RAQUEL DAVIS (MEIRA),

    Defendant.

Case No. 2023- 203367 -CB

JUDGE VICTORIA VALENTINE

---

JOHN W. HENKE, III (P39294)
HENKE LAW GROUP
Attorney for Plaintiff
251 Merrill Street, Suite 212
Birmingham, Michigan 48009
(248) 647-8590
jwhenke@aol.com

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

---

## COMPLAINT

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the Oakland County Circuit Court, bearing case number 2023-200139-CB and assigned to Judge Victoria A. Valentine.  Tis actin is no longer pending  PA #05

    /s/ John W. Henke, III
    JOHN W. HENKE, III (P39294)

This matter meets the statutory requirements to be assigned to the business court. MCR 2.112(O)(1).

    /s/ John W. Henke, III
    JOHN W. HENKE, III (P39294)

**NOW COMES** the above-named Plaintiff herein, MacuHealth Distribution, Inc. ("MacuHealth"), by its attorney, John W. Henke, III, and for its First Amended Complaint for Monetary Damages and/or Equitable Relief as against the Defendant, states as follows:

FILED   Received for Filing   Oakland County Clerk   10/20/2023 9:05 AM

1.    The above-named Plaintiff herein, MACUHEALTH DISTRIBUTION, INC., is a Michigan limited liability company and conducts business as MacuHealth (collectively referred to as "**MacuHealth**"), with its principal place of business located in the City of Birmingham, County of Oakland, State of Michigan.

2.    The above-named Defendant herein, Raquel Davis (Meira) **("Davis")**, is an individual who on information and belief, is residing in California.

3.    Defendant Davis is a former employee of Plaintiff MacuHealth Distribution, Inc.

4.    In 2019, Plaintiff MacuHealth instituted a lawsuit in the Oakland County Circuit Court against Davis for Davis's numerous violations of her employment contract. <u>MacuHealth Distribution, Inc</u>. v <u>Raquel Davis (Meira)</u>, Oakland County Circuit, bearing case number - 2019-176739-CB.  Davis removed the lawsuit to United States District Court, Eastern District of Michigan, <u>MacuHealth Distribution, Inc</u>. v <u>Raquel Davis (Meira)</u> bearing case number – 2:19-CV-13322-SFC-EAS.

5.    To settle the federal lawsuit, Plaintiff and Defendant entered into a Confidential Settlement Agreement which involves, in part, MacuHealth's confidential and proprietary information **STILL IN** Defendant's possession.

6.    Jurisdiction as to the Defendant is proper in Michigan and in this Court pursuant to the limited personal jurisdiction provisions found at MCL 600.705(1) and/or (2) <u>and</u> MCL 600.715(1) and/or (2) and/or **pursuant to Settlement Agreement of the Parties to submit disputes between them to the jurisdiction in Michigan, as further allowed pursuant to MCL 600.745(2)**.

7. Pursuant to the Settlement Agreement, Defendant Davis consented to and agreed as part of the Agreement, that Michigan law would govern and this Court have jurisdiction and venue.

8. The Plaintiff MacuHealth and Defendant Davis **UNCONDITIONALLY AND IRREVOCABLY AGREED** in the Settlement Agreement:

> "**18. Governing Law, Jurisdiction and Venue. This Agreement has been entered into under and shall be governed by the laws of the State of Michigan. The parties agrees that the state and federal courts located in Oakland County, Michigan shall be the sole and exclusive jurisdiction and venue for all disputes between the parties. Davis hereby consents to the sole and exclusive jurisdiction of all disputes between the parties hereto and Davis hereby waives any objections or defenses to jurisdiction or venue in any proceedings before such courts.**"

9. Plaintiff MacuHealth requests monetary damages and equitable relief that arise out of a Confidential Settlement Agreement between Plaintiff and the Defendant.

10. This Court also has jurisdiction over this matter as the amount in controversy exceeds $25,000.00, exclusive of interest, court costs and/or attorney fees, and that the Plaintiff and Defendant agreed by contract that all disputes arising with respect to the transactions contemplated within the Settlement Agreement therein shall be governed by Michigan law.

11. This case qualifies for Business Court assignment, and this matter should be identified as Business Court eligible and assigned to the Business Court pursuant to MCL 600.8031(1)(a) & (b) and MCL 600.8035 and LAO 2013 – 13.  Further, pursuant to MCL 600.8031(1)(c)(i) and/or (ii) and MCL 600.8031(2)(c) & (d), this case is eligible for the Business Court assignment because MacuHealth is a business enterprise and this case involves contractual agreements related to a former employee and the commercial transactions related to Davis having confidential information of MacuHealth.

Page 3 of 6

## COUNT I

## BREACH OF CONTRACT

12. Plaintiff hereby restates and realleges paragraphs 1 through 11 as though fully set forth herein.

13. On or about June 15, 2022, Plaintiff and Defendant Davis entered into a Confidential Settlement Agreement; a copy of the Settlement Agreement is in the possession of Defendant Davis.

14. Per the terms of the Agreement, Davis and her attorney, DeYampert, were to take certain actions to comply with the Agreement.

15. Defendant has failed to comply with the terms of the Agreement, and therefore, is in material breach of the Agreement.

16. As a result of Defendant's failure to comply, Plaintiff is entitled to damages

17. By June 2022, Defendant was advised she (and her attorney) were in breach of the Settlement Agreement.

18. In October 2022, Defendant was again advised she was in breach of the Agreement.

19. Per the terms of the Settlement Agreement, in the event of Defendant's breach, Plaintiff is entitled to liquidated damages.

## COUNT II

## Fraud in the Inducement

20. Plaintiff hereby restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff, through her first attorney, John DeYampert, sat in MacuHealth's counsel's office prior to June 15, 2022 to negotiate the settlement.

22. Plaintiff's counsel repeatedly represented that he had full settlement authority and knew that Plaintiff had to meet and would meet certain pre-conditions in the Settlement Agreement in order to receive her settlement payment.

23. Plaintiff represented that she would take certain and very specific actions to comply with her terms of the Agreement.

24. Defendant Davis, individually and through her attorney, repeatedly promised to Plaintiff to induce Plaintiff to enter into the Settlement Agreement that she would comply with certain pre-conditions and obligations on her part in order for Plaintiff to settle.

25. Based upon Defendant and her agent/attorney's representations, Plaintiff entered into the Settlement Agreement.

26. Defendant's representations were false or made with reckless disregard for their truth.

27. Defendant made the representations with the intent that Plaintiff rely upon the representations in Plaintiff's decision to agree to the settlement.

28. Defendant knew that the representations were made to Plaintiff for the express purpose of entering into the Settlement Agreement.

29. Plaintiff did rely upon the representations of Defendant and did agree to the Settlement.

30. As a direct and proximate result of Defendant's misrepresentations, Plaintiff is entitled to recession and certain damages.

## REQUESTED RELIEF

**WHEREFORE,** Plaintiff MacuHealth hereby requests entry of a Judgement in its favor and against Defendant:

(1) To rescind the Settlement Agreement;

(2) Damages in the amount set forth in the Settlement Agreement, including costs and attorneys' fees; and

(3) Other such relief as this Court deems just and proper.

                                                        Respectfully submitted,

                                                        /s/ John W. Henke, III
                                                        John W. Henke, III (P39294)
                                                        Attorneys for Plaintiff
                                                        251 Merrill St., Suite 212
                                                        Birmingham, MI 48009
                                                        (248) 647-8590
                                                        (248) 647-8596 (fax)
                                                        jwhenke@aol.com

Dated: September 10, 2023

# Exhibit B

# Court Explorer

### ✏ Register of Actions                                                              ← Go Back

**Case Number**
2023-203367-CB

**Entitlement**
MACUHEALTH DIST INC vs. DAVIS RAQUEL

**Judge Name**
VICTORIA VALENTINE

**Case E-Filed**
YES

**Case Filed**
10/20/2023

**Case Disposed**
00/00/0000

| Date       | Code | Desc                                         |
|------------|------|----------------------------------------------|
| 11/14/2023 | SUM  | P/S ON SUMMONS FILED 10/24/23                |
| 10/26/2023 | SUM  | P/S ON SUMMONS FILED 10/24/23                |
| 10/26/2023 | SUM  | P/S ON SUMMONS FILED 10/24/23                |
| 10/24/2023 | OAS  | ORDER FOR ALTERNATIVE SERVICE FILED /AMD MTN |
| 10/23/2023 | OAS  | ORDER FOR ALTERNATIVE SERVICE FILED /MTN     |
| 10/20/2023 | PA   | PRIOR ACTION                                 |
| 10/20/2023 | C    | COMPLAINT FILED                              |
| 10/20/2023 | SI   | SUMMONS ISSUED                               |

Contact Us  |  FOIA  |  Privacy/Legal  |  Accessibility  |  HIPAA

# Exhibit C

Order Regarding Alternate Service (3/23)     Case No. 2023-203367-CB

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the order regarding alternate service and file proof of service with the court clerk. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

I served a copy of the ☑ summons ☑ other: Complaint, Motion and Order for Alternate Service

and a copy of the order for alternate service upon _____ by

☑ 1. First-class mail to 10541 Prospect Peak Court, Cottonwood, CA 96022 on 10/24/2023 Date.

☐ 2. Tacking or firmly affixing to the door at _____, on _____ Date.

☐ 3. Delivering at _____, on _____ Date,

to a member of the defendant's household who is of suitable age and discretion to receive process, with instructions to deliver promptly to the defendant.

☑ 4. Other 10541 Prospect Peak Court, Cottonwood, CA 96022, on 10/24/2023 Date.
Specify Certified Mail, Return Receipt Requested.
Tracking 9590 9402 8400 3156 6793 11 (attached)

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☑ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Signature: Lisa A. Chrysle

Name (type or print): Lisa A. Chrysle

| Service fee $ | Miles traveled | Fee $ | | |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____
Attachments (if any)     Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCR 2.105

FILED   Received for Filing   Oakland County Clerk   10/26/2023 7:44 AM



**UNITED STATES POSTAL SERVICE.**

SAINT CLAIR SHORES
23125 GREATER MACK AVE
SAINT CLAIR SHORES, MI 48080-9998
(800)275-8777

10/24/2023 02:52 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $1.59 |
| Cottonwood, CA 96022 | | | |
| Weight: 0 lb 2.00 oz | | | |
| Estimated Delivery Date | | | |
| Mon 10/30/2023 | | | |
| First-Class Mail® Large Envelope | 1 | | $1.83 |
| Cottonwood, CA 96022 | | | |
| Weight: 0 lb 2.20 oz | | | |
| Estimated Delivery Date | | | |
| Mon 10/30/2023 | | | |
| Certified Mail® | | | $4.35 |
| Tracking #: | | | |
| 70212720000329330041 | | | |
| Return Receipt | | | $3.55 |
| Tracking #: | | | |
| 9590 9402 8400 3156 6793 11 | | | |
| Total | | | $9.73 |

Grand Total: $11.32

Cash $21.32
Change -$10.00

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,



or call 1-800-410-7420.

UFN: 258980-0080
Receipt #: 840-54800041



| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th    JUDICIAL CIRCUIT<br>OAKLAND    COUNTY | AMENDED<br>ORDER REGARDING<br>ALTERNATE SERVICE | CASE NO. and JUDGE<br>2023-203367-CB |
|---|---|---|

Court address: 1200 N. Telegraph Road, Pontiac, MI 48034-0404    Court telephone no. 248-858-0344

| Plaintiff's name, address, and telephone no.<br>MACUHEALTH DISTRIBUTION, INC.,<br>c/o John W. Henke, III (P39294)<br>251 E. Merrill Street, Suite 212<br>Birmingham, Michigan 48009<br>(248) 647-8590 | v | Defendant's name, address, and telephone no.<br>RAQUEL DAVIS (MEIRA)<br>Now Known As: Raquel Dias Dasilva<br>19541 Propsect Peak Court<br>Cottonwood, California 96022 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>JOHN W. HENKE, III (P39294)<br>251 E. Merrill Street, Suite 212<br>Birmingham, Michigan 48009<br>(248) 647-8590 | | |

**THE COURT FINDS:**

☑ 1. Service of process upon the defendant, Raquel Davis(Meira) Now Known As: Raquel Dias Dasilva, cannot reasonably be made as provided in ☐ MCR 2.105 ☐ MCR 2.107(B)(1)(b) and service of process may be made in a manner that is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

**IT IS ORDERED:**

☑ 2. Service of the ☐ summons and complaint ☐ other: _____
and a copy of this order shall be made by the following method(s).

    ☑ a. First-class mail to 19541 Propsect Peak Court, Cottonwood, California 96022

    ☑ b. Tacking or firmly affixing to the door at 19541 Prospect Peak Court, Cottonwood, California 96022

    ☐ c. Delivering at _____
to a member of the defendant's household who is of suitable age and discretion to receive process, with instructions to deliver it promptly to the defendant.

    ☑ d. Other: Certified Mail - Return Receipt Requested at 19541 Prospect Peak Court, Cottonwood, California 96022

For each method used, proof of service must be filed promptly with the court.

☐ 3. The motion for alternate service is denied.

/s/ Victoria A. Valentine
October 24, 2023
Judge signature and date
VICTORIA A. VALENTINE    mt

Distribute form to: Court, Defendant, Plaintiff, Return

Approved, SCAO
Form MC 304, Rev. 3/23
MCR 2.103, MCR 2.105
Page 1 of 1